This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Brett Britton, appeals the decision of the Lorain County Court of Common Pleas, adjudging him to be a sexual predator. We affirm.
On November 10, 1992, Mr. Britton was convicted and sentenced on two counts of abduction, in violation of R.C. 2905.02(A)(2), felonious assault, in violation of R.C. 2903.11(A)(2), and attempted abduction, in violation of R.C. 2905.02(A)(2) and 2923.02. This court affirmed his conviction on November 29, 1993. Pursuant to R.C. 2950.09(C), the Ohio Department of Rehabilitation and Correction recommended that Mr. Britton be adjudicated a sexual predator. On October 5, 2000, the trial court held a sexual offender classification hearing. On October 10, 2000, the trial court adjudged Mr. Britton to be a sexual predator. This appeal followed.
Mr. Britton asserts a single assignment of error:
 THE TRIAL COURT ERRED IN FINDING APPELLANT A SEXUAL PREDATOR IN THAT THE PROSECUTION FAILED TO SUFFICIENTLY SHOW THAT APPELLANT WAS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES AND THE FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Mr. Britton asserts that his adjudication as a sexual predator is against the manifest weight of the evidence. Specifically, he argues that the prosecution failed to show that he was likely to engage in one or more sexually oriented offenses in the future. We disagree.
"This court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported, at 3. In reviewing a manifest weight challenge, this court
 must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(G)(3), an offender is "`adjudicated as being a sexual predator'" if:
 [p]rior to January 1, 1997, the offender was convicted of or pleaded guilty to, and was sentenced for, a sexually oriented offense, the offender is imprisoned in a state correctional institution on or after January 1, 1997, and, prior to the offender's release from imprisonment, the court determines pursuant to division (C) of section 2950.09 of the Revised Code that the offender is a sexual predator.
As Mr. Britton was sentenced prior to and remained imprisoned after the effective date of this section, the trial court was required to proceed under R.C. 2950.09(C). R.C. 2950.09(C)(1) requires the Ohio Department of Rehabilitation and Correction to determine whether to recommend that an offender be adjudicated a sexual predator and to submit the recommendation to the trial court which sentenced the offender. R.C.2950.09(C)(2)(b) authorizes the trial court to hold a hearing as described in R.C. 2950.09(B)(1) to determine whether the offender is a sexual predator.
In determining whether an offender is a sexual predator, the trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2). The trial court must find that the offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that which will produce in the trier of fact "a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Mr. Britton does not dispute that his conviction on two counts of abduction, in violation of R.C. 2905.02, were sexually oriented offenses, as his two victims were both "under eighteen years of age" at the time the offenses were committed. R.C. 2950.01(D)(2)(a). The gravamen of his argument is that his classification as a sexual predator is against the manifest weight of the evidence because the state failed to prove by clear and convincing evidence that he is likely to engage in a sexually oriented offense in the future. We disagree.
At the hearing, defense counsel recited the facts, which this court found in determining his appeal in November 29, 1993. On October 13, 1991, Jessica and Michelle Patton, who were twelve and thirteen years of age, were delivering papers in Lorain County, Ohio. Mr. Britton approached the two girls and told them to come with him. At that time, Michelle noticed that Mr. Britton had a knife. The girls followed Mr. Britton to an old abandoned house, where he pointed the knife at them and directed them to go behind the house. Both girls fled and escaped.
Approximately three months later, on January 5, 1992, Vicky Piper was walking in the same neighborhood where the Patton sisters had been delivering newspapers when they were abducted. As she was walking, Mr. Britton began following her. She offered to let him walk with her. Mr. Britton told Ms. Piper that they were going to go a different way. When she refused, Mr. Britton lunged at her, and she noticed that he had a pointed object in his hand. Like the girls, Ms. Piper fled and escaped. The police recovered a knife in the vicinity of where Mr. Britton had been standing. All three victims identified Mr. Britton as their attacker. The prosecutor added that Ms. Piper, an adult, was four feet eleven inches tall, and therefore, resembled a child from a height standpoint.[1]
The trial court found that the offenses for which Mr. Britton was convicted demonstrated a pattern of conduct and a likelihood of recidivism, in that Mr. Britton threatened all three victims with a knife and either moved or attempted to move them to another place or attempted to restrain or restrained their liberty. In the case of the Patton sisters, he took them behind an old, abandoned building. The Patton sisters were twelve and thirteen years of age at the time of the offense, thereby making his conviction on two counts of abduction sexually oriented offenses. See R.C. 2950.01(D)(2)(a). Ms. Piper, while an adult, had a youthful appearance due to her small stature. The attack on Ms. Piper occurred approximately three months after the attack on the Patton sisters. Accordingly, we find that the trial court appropriately considered the relevant factors contained in R.C. 2950.09(B)(2) in making its determination. A review of the record indicates that the trial court could find by clear and convincing evidence that Mr. Britton was likely to engage in a sexually oriented offense in the future. We, therefore, conclude that the trial court did not clearly lose its way and commit a manifest miscarriage of justice in classifying Mr. Britton as a sexual predator. Mr. Britton's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
SLABY, J., WHITMORE, J. CONCUR.
[1] The trial court also relied on a post-sentence investigation report prepared in anticipation of the hearing. The report, however, was not admitted into evidence at the hearing and has not been made a part of the record on appeal.